IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT JOPLIN

| | |
|---|---|
| ALEKS MORGUNENKO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18AO-CC00148 |
| JEFFREY LAMB, | ) |
| and | ) |
| MARC WARE, | ) |
| and | ) |
| GIGM TRANSPORTATION, LLC | ) |
| Defendants. | ) |

## AMENDED PETITION FOR DAMAGES

COMES NOW plaintiff, by and through his attorneys, and for his cause of action against defendants Jeffrey Lamb, Marc Ware, and GIGM Transportation, LLC and states as follows:

### FACTS COMMON TO ALL COUNTS

1. Aleks Morgunenko is a resident of Oregon and is over the age of 18.

2. Defendant Jeffrey Lamb is over the age of 18.

3. Defendant Marc Ware is over the age of 18 and at all times is the owner of GIGM Transportation, LLC, and as such may be served in accordance with the provisions of the Nonresident Motorist Act, Section 506.210 RSMo.

4. Defendant GIGM Transportation, LLC is a Texas limited liability company.

5. On or about April 27, 2017, Plaintiff was in the sleeper birth of his tractor trailer at the Flying J on 32nd Street in Joplin, Missouri.

EXHIBIT A

6. At same time and location, defendant Lamb was operating a commercial vehicle owned and/or leased by defendant GIGM Transportation, LLC in the parking lot of the Flying J when he ran his vehicle into Plaintiff's tractor trailer.

7. At all times relevant, defendant Lamb was an employee and/or agent of defendant GIGM Transportation, LLC and was acting within the course and scope of his employment on the date and time and at the location of the accident described herein and further that GIGM Transportation, LLC is vicariously liable for the negligence of its employee, Lamb.

## COUNT I
(Morgunenko v. Lamb and GIGM Transportation LLC)

8. Plaintiff hereby adopts by reference the statements contained within paragraph 6 above, as though set forth in full and restates the same herein.

9. On September 27, 2017, defendant Lamb, as an employee and agent of GIGM Transportation LLC, owed to Plaintiff a duty to operate his vehicle that was under his control using the highest degree of care so as not to injure, maim, or harm Plaintiff.

10. Defendant Lamb operated the motor carrier vehicle in a careless and negligent manner in at least the following respects:

   a. He failed to keep a careful lookout;

11. That as a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of defendant, plaintiff sustained injuries to his neck, back, head, right hand and wrist and right foot. Plaintiff has endured pain and will continue to endure pain in the future. Plaintiff has incurred over $10,000 in medical bills. Plaintiff has incurred lost wages in excess of $80,000.

**WHEREFORE**, plaintiff prays judgment against defendants for such damages as are fair and reasonable, prejudgment interest as provided by law, for plaintiff's costs herein incurred and for such other relief as the Court deems just and reasonable.

## COUNT II
(Morgunenko v. Marc Ware and GIGM Transportation, LLC)

12. Plaintiff hereby adopts by reference the statements contained within paragraph 11 above, as though set forth in full and restates the same herein.

13. Defendants Marc Ware and GIGM Transportation, LLC were further negligent in the following respects:

   a. Hiring its driver and entrusting their commercial vehicle to defendant Lamb who had inadequate experience, training, and knowledge to safely operate the commercial vehicle;

   b. Failing to properly consider defendant Lamb's prior driving record when hiring Lamb as a driver.

   c. Continuing to retain defendant Lamb as a driver when his driving history, which includes numerous accidents and citations, both before and during his employment with GIGM Transportation, LLC, demonstrated that he did not have the experience, training, and knowledge to safely operate the tractor trailer;

   d. Failing to adequately train, instruct, and supervise its driver concerning the safe operation of a commercial vehicle;

   e. Failing to require defendant Lamb to follow federal regulations pursuant to 49 C.F.R. §390.11;

   f. Failing to require defendant Lamb to comply with federal regulations that require drivers to make a record of duty status pursuant to 49 C.F.R. §395.8.

14. Defendants Marc Ware and GIGM Transportation, LLC, as the employer of Lamb and the owner of the commercial vehicle driven by Lamb on the day of the wreck, failed to exercise its duty to hire a safe, fit, and competent driver to operate its tractor-trailer in the State of Missouri.

15. Defendants Marc Ware and GIGM Transportation, LLC knew or should have known that Lamb was an unfit commercial vehicle driver.

16. Defendants Marc Ware and GIGM Transportation, LLC failed to exercise their duty and were thereby negligent by retaining and allowing their agent, servant, and employee, Lamb, to operate its tractor-trailer on or about the day of the wreck.

17. The conduct of Marc Ware and GIGM Transportation, LLC demonstrated complete indifference and a conscious disregard for the safety of others.

18. As a direct and proximate result of the aforesaid negligence of defendants Marc Ware and GIGM Transportation, LLC in hiring, retaining, and allowing Lamb to drive its commercial vehicle on the day of the wreck, together with the previously described negligence, plaintiff sustained injuries to his neck, back, head, right hand and wrist and right foot. Plaintiff has endured pain and will continue to endure pain in the future. Plaintiff has incurred over $10,000 in medical bills. Plaintiff has incurred $80,000 in lost wages.

**WHEREFORE,** plaintiff prays for judgment against defendants Marc Ware and GIGM Transportation, LLC for punitive damages in the amount of $1,000,000.

STICKLEN & DREYER, P.C.

/s/ *Shelly Dreyer*
_____
Shelly Dreyer Mo. Bar 46273
1515 E. 32nd Street, Suite 1
Joplin MO 64804
Phone 417-626-9880
Fax 417-626-7686
shelly@sticklenanddreyer.com